UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MEGAN DOE )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>MARK BOLES, )<br>)<br>   Defendants. )<br>) | Civil Action No. 23-cv-127000 |

**COMPLAINT AND JURY DEMAND**

This civil action seeks damages for the sexual assault, abuse, and exploitation of the Plaintiff when she was a minor in violation of 18 USC § 2255.  The Defendant, Mark Boles knowingly initiated an internet Master/Slave relationship with Ms. Doe across state lines, despite knowing she was only 16.  He groomed Ms. Doe to submit to his every demand and sexual proclivities, soliciting growingly explicit statements, photographs, and videos from her, which in turn he posted online.  Mr. Boles further engaged in a scheme to transport Ms. Doe across state lines from California to Massachusetts, only to sexually abuse and assault her for his own gratification.  As a result of Mr. Boles' egregious conduct, Plaintiff suffered physical pain and suffering, severe emotional harm, as well as other damages and seeks their recovery herein.  In the alternative, Plaintiff seeks to enforce the settlement agreement executed by the Defendant to resolve the above-mentioned claims on or around July 13, 2023, plus attorneys' fees and costs.

**JURISDICTION AND VENUE**

1.   The complaint alleges violations of 18 USC §2255.  Thus, there is "federal question jurisdiction" pursuant to 28 U.S.C. § 1331.  The Court has supplemental jurisdiction of

1

the other related claims pursuant to 28 U.S.C. § 1367 which arise out of the same transaction or occurrence. All relevant facts and the gravamen of the complaint occurred in the Commonwealth of Massachusetts.

2. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §1391(b) because the facts giving rise to the claims occurred within this District. Additionally, Boles is located within the District of Massachusetts.

## PARTIES

3. Plaintiff Megan Doe is a resident of Salem, County of Essex, State of Massachusetts. She is identified in a separate Affidavit of Counsel served upon Defendant contemporaneously with this Complaint.

4. Defendant Mark Boles is a resident of Scituate, County of Plymouth, Commonwealth of Massachusetts.

## FACTS COMMON TO ALL COUNTS

5. The Plaintiff was 16-years-old in 2012, when she attended high school in rural California.

6. She was a virgin, had never been in a relationship, nor was she very interested in conventional relationships.

7. However, she became curious regarding alternative sexual lifestyles after she discovered an internet website called FetLife.com; an adult social media site that catered to such alternative lifestyles, including Bondage, Discipline, Sadism, and Masochism ("BDSM").

8. Shortly after joining the site, she received a message from the Defendant, a 42-year-old adult man.

9. Despite Plaintiff disclosing to Mr. Boles that she was only 16-years-old, he continued to exchange messages with her.

10. On October 9, 2012, in response to Plaintiff's age disclosure, Mr. Boles alleged that, as a "good person" he would protect her from the dangers that exist in the online world of BDSM and offered to guide her as a mentor.

11. In garnering her trust, Mr. Boles specifically promised Plaintiff that he would not ask for anything sexual from her.

12. As her mentor, Mr. Boles was the Dominant actor and Ms. Doe the Submissive –meaning that Ms. Doe was required to be subservient to the wishes of Mr. Boles.

13. Mr. Boles began the process of sexually grooming Ms. Doe, developing her trust by giving her special attention while at the same time pushing her sexual boundaries.

14. Within weeks of becoming the Plaintiff's alleged "mentor" Mr. Boles began soliciting sexually explicit photos of her, despite knowing that she was only 16-years-old.

15. As one example, on or about October 17, 2017, Mr. Boles demanded that Ms. Doe post an explicit photo of herself on FetLife, cropping out her face, but exposing her buttocks and genitals.

16. As the Submissive, Ms. Doe complied.

17. Soon thereafter, Mr. Boles solicited explicit photos directly from Ms. Doe while she was still a minor, which he subsequently posted to the FetLife website, prompting multiple comments from other FetLife members.

18. Mr. Boles then decided to escalate the relationship to that of Master and Slave, forcing a then 16-year-old minor to register as his "slave" online and receive a number.

19. As her "master" Mr. Boles endeavored to control Ms. Doe completely, forcing her to wear a collar and use sex toys during FaceTime calls with him, during which time he would take screen captures of Ms. Doe, a minor, for his own pleasure, and often posted

them to the FetLife website, where hundreds, if not thousands of adults could view and comment on them.

20. This pattern repeated for several months during which time Mr. Boles solicited dozens of explicit photos of Ms. Doe, a minor, and posted them to the FetLife website.

21. Despite knowing Plaintiff was under the age of 18, Mr. Boles persuaded, enticed, and coerced Ms. Doe into engaging in sexually explicit conduct for the purposes of creating photos, videos, and other visual depictions of the explicit conduct.

22. Mr. Boles knowingly coerced Ms. Doe into producing the explicit materials to him across state lines between California and Massachusetts by phone and computer.

23. Mr. Boles knowingly created, received, and possessed the explicit materials and later distributed and published the materials by posting the sexually explicit photos and videos to the FetLife website of a young woman he knew to be a minor.

24. The conduct set forth in paragraphs 20-23 violated multiple sections of the United States Criminal Code.

25. At the same time, Mr. Boles continued to groom Ms. Doe towards his ultimate goal, a physical sexual relationship, beginning with explicit sexual conversations which evolved into role play and simulated sex over the telephone and via text messages.

26. He also isolated her, creating rifts between her and her parents, family and friends while making suggestions of a physical relationship after she turned 18 years old.

27. Mr. Boles also sought the assistance of a female acquaintance in grooming Ms. Doe by normalizing the exploitative relationship.

28. The female acquaintance further assisted Mr. Boles by engaging in a conspiracy to deceive Ms. Doe's parents into allowing her to travel across state lines to Massachusetts, under the guise of a college recruiting program.

29. Eventually, Mr. Boles was able to persuade, entice, and/or coerce Ms. Doe to travel across state lines to Massachusetts, for the purposes of sexually assaulting, exploiting, and abusing her over several days.

30. Indeed, Mr. Boles knowingly transported a minor across state lines for the purpose of sexually abusing her while he filmed and took photographs in violation of multiple sections of the United States Criminal Code.

31. The abuse included, among a litany of other vile and nonconsensual sexual acts, whipping her naked genitals and backside with a homemade flogger made from cables while she cried and pleaded for him to stop.

32. The flogging left marks on her body for months after.

33. On March 9, 2023, Mr. Boles was presented with a pre-suit Demand to resolve the claims for sexual abuse and exploitation of Ms. Doe.

34. Through counsel, he advised that he wished to resolve the claims, in part, by leveraging equity in his business and offered reasonable consideration in exchange and responsive to the Demand. The Plaintiff accepted.

35. Mr. Boles is the manager and sole member of Intrinsic LLC, which operates an outdoor clothing and equipment store in Hingham, named Intrinsic Provisions.

36. On July 13, 2023 Mr. Boles executed a settlement agreement ("Agreement") to resolve Ms. Doe's claims against him. A copy of the settlement agreement is appended hereto as <u>Exhibit 1</u> which Plaintiff incorporates by reference to the above captioned Complaint.

37. Pursuant to the Agreement, Mr. Boles agreed to make a single settlement payment on or before August 11, 2023.

38. Mr. Boles failed to make the contractually scheduled payment as required by the Agreement.

39. Between August 11, 2023, and the date of filing this Complaint, Mr. Boles repeatedly stated that he would secure the funds necessary for the settlement payment through a transaction involving his business if given more time.

40. Plaintiff agreed and, in so doing, relied on such statements to her detriment.

41. Despite receiving multiple extensions, claiming he had or would have the funds as a result of a business deal relating to equity in his business, Mr. Boles never made any payment.

## COUNTS

## COUNT I – VIOLATION OF 18 USC §2255

42. Plaintiff restates and realleges each factual allegation in paragraphs 1-41 as if fully set forth herein.

43. At all times relevant, Ms. Doe was under the age of eighteen years old and resided in the state of California.

44. By engaging in the conduct described above, Mr. Boles violated several federal criminal code provision, including but not limited to, 18. U.S.C. 2251, Sexual Exploitation of Children; 18.U.S.C. §2252, Certain Activities Relating to the Sexual Exploitation of Minors; 18 U.S.C. 2252A, Certain Activities Relating to Material Constituting or Containing Child Pornography; 18 U.S.C. 2422, Coercion or Enticement; and 18 U.S.C. 2423, Transportation of Minors.

45. Specifically, Mr. Boles:

    a. Persuaded, enticed, and coerced Ms. Doe to send him sexually explicit photos and videos of herself in violation of 18 U.S.C. 2251, and 18 U.S.C. 2252A;

    b. Persuaded, enticed, and coerced Ms. Doe to perform sex acts upon herself and order that she document them with photos and videos which she was to share with him in violation of 18 U.S.C. 2251 and 18 U.S.C. 2252A;

    c. Persuaded, enticed, and coerced Ms. Doe perform sext acts upon herself while on FaceTime video calls while he made screen captures of the acts in violation of 18 U.S.C. 2251 and 18 U.S.C. 2252A;

    d. Persuaded, enticed, and coerced Ms. Doe to travel to Massachusetts for the purpose of performing nonconsensual sexual acts upon her while in taking sexually explicit photos and videos in violation of 18 U.S.C. 2422, 18 U.S.C. 2423, 18 U.S.C. 2251, and 18 U.S.C. 2252A;

    e. Coerced Ms. Doe to engage in nonconsensual sexual acts upon Ms. Doe in Massachusetts while taking sexually explicit photos and videos of her in violation of 18 U.S.C. 2422, 18 U.S.C. 2423, 18 U.S.C. 2251, 18 U.S.C. 2252, 18 U.S.C. 2252A.

    f. Posted sexually explicit photos of Ms. Doe on the FetLife website in violation of 18 U.S.C. 2252.

46. Evidence of each of these violations exists and is clear and unequivocal. Defendant Boles' name and image appears in many of the pictures he posted online of Ms. Doe when she was only a minor. His text messages and emails with Ms. Doe when she was only sixteen years old bear out his criminal enticement. His online posts featuring

images of Ms. Doe as a minor, many of which have been preserved, are clear and unequivocal violations of the above statutes.

47. As a result of the Defendant's violations of the above federal criminal code provisions, Plaintiff suffered personal injury including physical pain and suffering, emotional distress, and was otherwise damaged.

48. The above constitute repeated violations of 18 U.S.C. § 2255.

### COUNT II – SEXUAL ASSAULT AND BATTERY

49. Plaintiff restates and realleges each factual allegation in paragraphs 1-48 as if fully set forth herein.

50. Defendant voluntarily and repeatedly committed harmful and offensive touching of Plaintiff's body while sexually assaulting and battering her, and also placed Plaintiff in imminent fear of harmful and offensive touching.

51. Defendant intended to cause said voluntary and offensive touching of Plaintiff's body.

52. Plaintiff did not consent to such harmful and offensive touching during the Defendant's sexual assault and battery. Defendant's harmful and offensive assault and battery caused Plaintiff great harm, including physical pain and suffering, emotional distress, and plaintiff was otherwise damaged.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. Plaintiff restates and realleges each factual allegation in paragraphs 1-52 as if fully set forth herein.

54. The Defendant engaged in extreme and outrageous conduct when he initiated an online BDSM relationship with the Plaintiff when she was only 16-years-old.

Case 1:23-cv-12700 Document 1 Filed 11/08/23 Page 9 of 11

55. At the time, the Defendant was forty-two-years-old.

56. The Defendant groomed the Plaintiff, demanded she register as his slave, solicited sexually explicit materials from her, posted her graphic images online, forced her to perform sex acts upon herself while he watched over facetime, and persuaded her to lie to her parents and travel to Massachusetts at which time he brutally abused her sexually.

57. Such conduct was extreme and outrageous such that it was beyond all possible bounds of decency and was utterly intolerable in a civilized society.

58. The Defendant intended to cause the Plaintiff emotional distress, or acted with reckless disregard of that likelihood, as he knew the Plaintiff did not consent to the abusive sexual acts, during and before his sexual assault and battery.

59. Defendant's extreme and outrageous conduct caused Plaintiff severe emotional harm.

**COUNT IV – BREACH OF CONTRACT (Alternative Count brought pursuant to Fed. R. Civ. P. 8(d)(2) and 8(d)(3))**

60. Plaintiff restates and realleges each factual allegation in paragraphs 1-59 as if fully set forth herein.

61. Defendant entered into a settlement agreement with the Plaintiff on or about July 13, 2023.

62. Pursuant to the contract, Defendant agreed to pay Plaintiff $1,000,000.00 on or before August 11, 2023, to resolve her claims against him for the above pleaded claims.

63. Defendant breached that contract by failing to make any settlement payments in the time allowed, despite multiple extensions to the deadline to pay.

64. As a result of said breach of contract, the Plaintiff has suffered damages.

9

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Honorable Court:

1. Enter judgement in the Plaintiff favor on Count's I-III and award damages in such amount as will fully compensate her for her losses to the greatest extent allowed by law;
2. Order such payment of punitive damages as are allowed by law;
3. Order liquidated damages in the amount of $150,000.00 for each violation of 18. U.S.C. § 2251, Sexual Exploitation of Children; 18.U.S.C § 2252, Certain Activities Relating to the Sexual Exploitation of Minors; 18 U.S.C § 2252A, Certain Activities Relating to Material Constituting or Containing Child Pornography; 18 U.S.C § 2422, Coercion or Enticement; and 18 U.S.C. § 2423, Transportation of Minors pursuant to 18 U.S.C. § 2255.
4. Order payment of interest, costs and attorneys' fees pursuant to 18 U.S.C. § 2255 and any other statute or common law theory applicable to these facts;
5. Enter judgment in the Plaintiff's favor on Count IV of her Complaint for breach of contract and award contract damages and consequential damages in such amount as will fully compensate her for her losses to the greatest extent allowed by law, including interest, costs, and attorney's fees to the extent allowable;
6. Order such further relief as this Court deems fair and just.

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all issues so triable, to the fullest extent allowed under the United States Constitution, the Massachusetts Constitution, and law.

Respectfully Submitted,

PLAINTIFF,

Megan Doe

By Her Attorneys:

*/s/ Michael R. Harriman*
Michael R. Harriman, BBO # 680061
Wesley B. Stoker, BBO# 692156
Harriman Law
One Beacon Street, 15th Floor
Boston, MA, 02108
mharriman@harriman-law.com
wstoker@harriman-law.com

Dated: November 8, 2023