UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MEGAN DOE )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>MARK BOLES, )<br>)<br>   Defendants. )<br>) | Civil Action No. 23-cv-127000 |

### AFFIDAVIT OF COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTACHMENT AND FURTHER PRELIMINARY RELIEF

I, Michael R. Harriman, hereby depose and state:

1. I am an attorney licensed to practice law by the Supreme Judicial Court of the Commonwealth of Massachusetts. I was admitted to practice in this jurisdiction in November of 2010, and have practiced continually since that date.

2. I was admitted to the United States District Court for the District of Massachusetts in June of 2013.

3. I represent the Plaintiff, Megan Doe, in the above captioned matter.

4. On March 9, 2023, my office served a demand on the Defendant concerning claims and damages set forth in Plaintiff's Complaint field herewith.

5. Between March 9, 2023, and July 19, 2023, I negotiated the claims and the demand with the Defendant.

6. On or about July 19, 2023, the Parties agreed to resolve the Plaintiff's claims in exchange for a single $1,000,000.00 settlement payment which was due on or before

**August 11, 2023**.

7. On August 8, 2023, the Defendant requested an extension to the payment deadline to September 1, 2023.

8. The extension was not agreeable to the Plaintiff without some information sufficient to discern that the Defendant was on track to meet his obligation.  Accordingly, the Defendant disclosed that he had secured an equity deal in his business, Intrinsic LLC, and that all that remained to secure financing sufficient to make the settlement payment was a routine site visit and a final production of financial disclosures.

9. On or around September 1, 2023, the Defendant requested an additional extension to his payment deadline to September 5, 2023 and, his equity deal allegedly being on track to close, requested Plaintiff's counsel's wire information to make the settlement payment.

10. On September 4, 2023, the Defendant advised that he was unable to attend the closing of his equity deal because he had allegedly contracted Covid.  As a result, the Defendant requested a final extension to September 8, 2023, to make the settlement payment.

11. On September 8, 2023, counsel was advised that the Defendant would wire settlement proceeds before the close of business.  As of the end of business on September 8, 2023, the wire had not arrived.

12. The Defendant's scheduled closing of his equity deal appears to have been a fraud perpetrated upon the Plaintiff by the Defendant to secure additional time.  No such closing ever took place.

13. Between September 9, 2023, and the date of filing, the Defendant continued to dangle

his interest in the LLC to induce the Plaintiff to provide him additional time and extensions to make the settlement payment.

14. On one occasion, he advised that he was working on a $2,000,000 loan from which he would both satisfy his obligations under the settlement agreement and grow his company. This loan did not come to fruition and the settlement payment was not made.

15. On another occasion, he advised that he was working on a good faith payment by securing a loan against his inventory. This loan did not come to fruition and the settlement payment was not made.

16. On yet another occasion, the Defendant agreed to provide 24 months of financial disclosures to Plaintiff's counsel but never did.

17. On October 19, 2023, the Defendant advised Plaintiff's counsel that the only access to cash to satisfy his obligation to the Plaintiff was via inventory he owns through his interest in the LLC and liquidates and/or by way of a complete sale of the business.

18. Despite his nearly unending promises to secure and provide the settlement payment through his interest in the LLC, and the Plaintiff's reliance thereon, the Defendant has paid **$0** of his $1,000,000.00 settlement obligation to the Plaintiff.

19. The Defendant has clearly dissembled and has misled both the Plaintiff and her counsel. Throughout the period where multiple extensions and courtesy has been extended to him, he has behaved erratically and dishonestly. This behavior only increases the likelihood of encumbrance or fraudulent conveyance of his interest in the LLC post-filing.

20. Accordingly, attachment of his interest in the LLC and further preliminary relief as

requested is appropriate.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 8TH DAY OF NOVEMBER, 2023.

    /s/ *Michael R. Harriman*
Michael R. Harriman, BBO NO. 680061
Harriman Law
One Beacon Street, 15th Floor
Boston, MA 02108
617-482-1723
mharriman@harriman-law.com